IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00564-RM-KLM

TORIE WALTER,

    Plaintiff,

v.

HSM RECEIVABLES, and
WARD CAMERON MCMULLEN,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Dismiss Defendants' Bad Faith Counterclaim** [Docket No. 10; Filed April 23, 2013] (the "Motion"). Defendants did not file a Response. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C.3., the Motion has been referred to this Court for a recommendation regarding disposition [#11]. Having reviewed the entire case file and being sufficiently advised, the Court **RECOMMENDS** that the Motion [#10] be **GRANTED** and that Defendants' sole counterclaim be **DISMISSED with prejudice**.

Plaintiff initiated this action against Defendants on March 5, 2013, asserting violations of Sections 1692c(a)(1), 1692c(a)(3), 1692d, 1692d(5), 1692e, and 1692e(10) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. *See Compl.* [#1] at 4. On April 2, 2013, Defendants filed their Answer and Counterclaim, by which they seek sanctions pursuant to 15 U.S.C. § 1692k(a)(3). *See Answer and Counterclaim* [# 5]

at 2-3. In the Motion [#10], Plaintiff seeks dismissal of Defendants' sole counterclaim pursuant to Fed. R. Civ. P. 12(b)(6).[1]

The FDCPA prescribes that a successful party is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The FDCPA further authorizes the Court to award attorney's fees to a defendant if the plaintiff's suit is "brought in bad faith and for the purpose of harassment." *Id.*

With one exception, courts within the Tenth Circuit have not addressed whether 15 U.S.C. § 1692k(a)(3) creates a cause of action or simply permits the Court to award relief to a defendant subjected to bad-faith or harassing litigation. However, as the undersigned noted in her previous consideration of the issue in *Borges v. Thomas F. Farrell, P.C.*, No. 11-cv-03394-KLM, 2012 WL 3473109, at *1 (D. Colo. Aug. 14, 2012), the majority of courts which have considered the issue have dismissed counterclaims made pursuant to 15 U.S.C. § 1692k(a)(3) as premature or as lacking a statutory basis. *See Brock v. Maryville Collection Serv., Inc.*, No. 2:11-CV-60, 2012 WL 2120705, at *2 (E.D. Tenn. May 10, 2012) (collecting cases). The purpose of 15 U.S.C. § 1692k(a)(3) is to provide relief to a defendant who has been subjected to bad-faith litigation, rather than to provide the

---

[1] The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ][has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (internal quotations and citations omitted).

defendant with a separate cause of action. *See id.* (citing *Hardin v. Folger*, 704 F. Supp. 355, 356-57 (W.D.N.Y. 1988) (dismissing the defendant's counterclaim because 15 U.S.C. § 1692k(a)(3) "provides relief, but not a claim, to defendants" and noting that the decision to grant attorney's fees is discretionary following a determination by the court that the FDCPA action was brought in bad faith)). This result is consistent with the dictates of Fed. R. Civ. P. 54(d)(2)(A), which states that claims for attorney's fees should be made by motion "unless the substantive law requires those fees to be proved at trial as an element of damages." *See Brock*, 2012 WL 2120705, at *2. Accordingly,

IT IS **RECOMMENDED** that the Motion [#10] be **GRANTED** and that Defendants' counterclaim pursuant to 15 U.S.C. § 1692k(a)(3) be **DISMISSED with prejudice.**[2]

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73

---

[2] Nothing in this Recommendation should be construed as preventing Defendants from filing a motion for attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) at the appropriate time, if Defendants so choose.

F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 1, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge