**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-00564-RM-KLM

TORIE WALTER,

    Plaintiff,

v.

HSM RECEIVABLES AND WARD CAMERON MCMULLEN,

    Defendant.

_____

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
_____

Plaintiff Torie Walter ("Plaintiff" or "Walter") brings claims against Defendants HSM Receivables and Ward Cameron McMullen ("Defendants"), for violations of 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692d(6), 1692d(5), 1692e, and 1692(e)10 of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff seeks statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k; costs and reasonable attorneys' fees under 15 U.S.C. § 1692k; and actual damages pursuant to 15 U.S.C. § 1692k. (ECF No. 1.) Before the Court is Plaintiff's Motion for Summary Judgment (the "Motion"). (ECF No. 29.) The Motion is essentially unopposed as no response has been filed by Defendants. For the reasons set forth below, the Motion is granted.

**I.    LEGAL STANDARD**

    **A.    Summary Judgment.**

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569–70 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. United States Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987). Once the moving party meets its initial burden of demonstrating an absence of a genuine dispute of material fact, the burden then shifts to the nonmoving party to demonstrate the existence of a genuine dispute of material fact to be resolved at trial. *See 1-800-Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1242 (10th Cir. 2013) (citation omitted). The facts must be considered in the light most favorable to the nonmoving party. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013) (citations omitted).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

B.   **The FDCPA: Establishing a prima facie case and strict liability.**

To establish her case under the FDCPA, the Plaintiff must show: (1) the plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered primarily for personal, family, or household purposes and is therefore a consumer debt as

defined by 15 U.S.C. § 1692a(5); (3) the defendant is a debt collector as defined by 15 U.S.C. § 1692a(6); and (4) the defendant has violated, by act or omission, a provision of the FDCPA. *Lucero v. Board of Recovery, Inc.*, 2012 WL 681797 at *12 (D.N.M. Feb. 28, 2012) (citing *Duncan v. Citibank S.D., N.A.*, 2006 WL 4063023 at *5 (D.N.M. June 30, 2006)).

FDCPA is a strict liability statute; a plaintiff need only show one violation of its provisions to obtain summary judgment. *O'Connor v. CheckWrite*, 973 F. Supp. 1010, 1020 (D. Colo. 1997). See also *Santacruz v. Standley and Assoc., LLC*, No. 10-cv-00623, 2011 WL 3366438 at *3 (D. Colo. Aug. 4, 2011) ("Because the FDCPA is a strict liability statute and only one violation must be proven to find liability, there was no need to litigate [this case] at trial."). See also *Clark v. Capital Credit and Collection Services Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Taylor v. Perrin, Landry, deLaunay, & Durand*, 103 F.3d 1232 (5th Cir. 1997); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

## II.   FACTUAL BACKGROUND

The relevant, undisputed facts are as follows: Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) (ECF No. 29-1 at 2 ¶ 1.); Defendants are debt collectors as defined by 15 U.S.C. § 1692a(6) (ECF No. 29-1 at 3 ¶ 2.); and Plaintiff owes a debt as defined by 15 U.S.C. § 1692a(5). (ECF No. 29-1 at 3 ¶ 3.) Ward McMullen is the owner of HSM Receivables, and personally placed each telephone call to Plaintiff on his company's behalf. (Defendants' Answers to Interrogatories, ECF No. 29-1 at 9.) On January 21, 2013, Defendant Ward McMullen began placing collection calls to Plaintiff's place of employment, attempting to collect a debt. (ECF No. 29-1 at 3 ¶ 9.) On January, 23, 2013 Defendant Ward McMullen called Walter at work. (ECF No. 29-1 at 4 ¶ 10.) During that call, Plaintiff told Defendant that he

could not call her at work. (ECF No. 29-3 at 3). Despite Plaintiff's request that Defendant stop calling, he called her at work again on January 29 and 30. (ECF No. 29-1 at 4 ¶ 11, ¶ 12.)

## III. ANALYSIS

Plaintiff alleges violations of 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692d(6), 1692d(5), 1692e, and 1692(e)10. As Plaintiff is entitled to summary judgment pursuant to § 1692c(a)(3), the Court will discuss only this claim.

Plaintiff alleges that Defendant called her at work after she told him he could not do this. Section 1692c(a)(3) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt— at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

15 U.S.C. § 1692c(a)(3). Numerous courts have determined that a debt collector calling a debtor at work with notice that such contact is prohibited directly violates 15 U.S.C. § 1692c(a)(3). *See United States v. Central Adjustment Bureau, Inc.*, 667 F.Supp. 370, 388 (N.D.Tex.1986), *aff'd as modified*, 823 F.2d 880 (5th Cir.1987) (holding that, after the consumer wrote the debt collector and "requested in writing that he not call her at work," further calls violated § 1692c(a)(3)). *Horkey v. J.V.D.B. & Assoc.*, 179 F.Supp.2d 861 (N.D.I.L. 2002), *aff'd*, 333 F.3d 769 (7th Cir. 2003) (defendant violated § 1692c(a)(3) when its employee telephoned plaintiff at work after plaintiff told defendant she could not speak to him there); *United States v. Central Adjustment Bureau, Inc.*, 667 F.Supp. 370, 375 (N.D.Tex.1986), *aff'd as modified United States v. Central Adjustment Bureau,*

*Inc.,* 823 F.2d 880 (5th Cir. 1987) (making calls to debtor's place of employment after being told not to do so by the debtor or employer is a violation of the FDCPA).

That Defendant called Plaintiff at work on January, 29 and 30, 2013, after receiving notice from Plaintiff that he could not do this on January 23, is well documented. Plaintiff has submitted an affidavit attesting to this fact. (ECF No. 29-5 at ¶¶ 3–5.) She has also submitted Defendants' call logs which reflect the following with respect to a January 23, 2013 telephone call: "dbtr sd I cant call her at work." (ECF No. 28-3 at 3.) And as noted, Defendants have submitted no response to the Motion. I conclude that Defendants had reason to know that Plaintiff's employer prohibited her from receiving communications related to debt collection while at work and no reasonable jury could conclude that Defendants have not violated FDCPA § 1692c(a)(3). Because the FDCPA is a strict liability statute, and one violation is sufficient for summary judgment, Plaintiff is entitled to judgment as a matter of law.

**IV.   CONCLUSION**

For the reasons set forth above, Plaintiff has demonstrated that Defendants violated 15 U.S.C. § 1692c(a)(3). It is therefore ORDERED that Plaintiff's Motion for Summary Judgment (ECF No. 27) is GRANTED, and the Clerk shall enter judgment in favor of Plaintiff.

DATED this 23rd day of October, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge