**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-00564-RM-KLM

TORIE WALTER,

      Plaintiff,

v.

HSM RECEIVABLES and
WARD CAMERON McMULLEN,

      Defendants.

---

**ORDER ON
(1) PLAINTIFF'S MOTION FOR STATUTORY DAMAGES (ECF No. 42)
AND
(2) PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS (ECF No. 43)**

---

This matter is before the Court on Plaintiff Torie Walter's ("Plaintiff") Motion for

Statutory Damages (ECF No. 42) and on her Motion for Attorney's Fees and Costs (ECF No. 43)

(collectively, the "Motions"). Defendants HMS Receivables and Ward Cameron McMullen

(together "Defendants"), represented by counsel, have filed no response to the Motions and the

time to do so has passed.  For the reasons set forth below, the Motion for Statutory Damages is

GRANTED, and the Motion for Attorney's Fees and Costs is GRANTED in part, and DENIED

in part.

**I.      BACKGROUND**

On March 5, 2013, Plaintiff brought suit against Defendants pursuant to the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*  (ECF No. 1.)  Defendants filed an

Answer and Counterclaim. (ECF No. 9.) The Counterclaim was subsequently dismissed by the Court. (ECF Nos. 27, 39.) Defendant Ward Cameron McMullen ("McMullen") owns Defendant HSM Receivables and personally placed telephone calls to Plaintiff on his company's behalf in an attempt to collect a debt. (ECF No. 29-1 at 3-4, ¶¶ 8-12.) On January 19, 2013, McMullen began placing these collection calls to Plaintiffs at her place of employment. (*Id.* at ¶ 8.) On January, 23, 2013, Plaintiff and a bookkeeper for the business told McMullen that he could not call Plaintiff there. (ECF No. 29-3 at 3.) Despite this, McMullen called her at work again on January 29 and 30. (ECF No. 29-1 at ¶¶ 11-12.) Relying on this conduct, Plaintiff filed a Motion for Summary Judgment (ECF No. 29). Although represented by counsel, neither Defendant responded. The Court granted the motion, finding Defendants in violation of 15 U.S.C. § 1692c(a)(3). (ECF No. 40.) The Clerk of the Court entered a final judgment in Plaintiff's favor on October 24, 2014. (ECF No. 41.)

## II.     LEGAL STANDARDS

### A.     Statutory Damages.

The FDCPA was enacted in order "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). In furtherance of this purpose, the FDCPA allows for recovery of statutory damages, apart from proof of any actual damages, "as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A).

In awarding statutory damages, the Court considers three factors: "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional …." 15 U.S.C. § 1692k(b)(1).

**B.     Attorney's Fees and Costs.**

Under the FDCPA, pursuant to 15 U.S.C § 1692k(a)(3), "the costs of the action, together with a reasonable attorney's fee as determined by the court" are available in the case of a successful action by a plaintiff.  A request for fees and costs is governed by Federal Rule of Civil Procedure 54(d).  The Rule requires that fees be claimed by motion. Fed. R. Civ. P. 54(d)(2)(A). Further, this Court's Local Civil Rules require that a motion for attorney's fees be supported by affidavit and that the motion contain for "each person for whom fees are claimed" the following:

(1) a summary of relevant qualifications and experience; and

(2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.

D.C.COLO.LCivR 54.3(b).

A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995.)  A "reasonable rate" is defined as "the prevailing market rate in the relevant community" for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002) (citation omitted).  To satisfy its burden, a plaintiff must produce "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

The district court has discretion in determining the amount of an award of attorneys' fees, particularly given the district court's understanding of the litigation and the "desirability of avoiding frequent appellate review of what are essentially factual matters." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The district court "need not identify and justify every hour allowed or disallowed" with respect to legal services rendered. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (1996). "[D]oing so would only run counter to the Supreme Court's warning that a request for attorney's fees should not result in. . . major litigation." *Id.* (internal quotation marks and citation omitted).

III.    **LEGAL ANALYSIS**

   A.    **Statutory Damages.**

Plaintiff seeks a statutory damages award in the maximum amount of $1,000. Defendants violated the FDCPA by placing two calls to Plaintiff's place of employment after being advised that Plaintiff could not be called at her job. The conduct in this case was only repetitive to a minor degree. However, this does not preclude a maximum statutory damages award. *See, e.g., Crossley v. Lieberman*, 868 F.2d 566 (3rd Cir. 1989) ($1,000 in statutory damages awarded despite violation of FDCPA being the content of a single letter); *Kaylor-Trent v. John C. Bonewicz, P.C.*, 910 F.Supp. 2d 1112 (C.D. Ill. 2012) ($1,000 in statutory damages awarded for violation based on a single voicemail message). Although minimally repetitive in this case, Defendants were advised by two separate persons that they could not call Plaintiff at work. Regarding the nature of the noncompliance, Defendants violated the FDCPA by communicating with Plaintiff at work after being told—by two separate individuals—that Plaintiff could not take such calls at work. *See* 15 U.S.C. § 1692c(a)(3). And as to the extent to which the

noncompliance was intentional, Defendants' conduct was intentional and not the result of any mistake.  (*See* ECF No. 40 at 5, indicating that Defendants knowingly called Plaintiff at work.)

Defendants' conduct in this case has also been dismissive, both of the contention that a violation of the FDCPA occurred and of the litigation in general. As noted earlier, despite being represented by counsel, Defendants have essentially ignored this case. After filing a counterclaim asking for their attorneys' fees because the Complaint was, according to Defendants, "neither well grounded in fact nor warranted by existing law" (ECF No. 9 at ¶ 23), Defendants have largely been silent. Defendants filed no response to a motion to dismiss the counterclaim (ECF No. 10). Defendants filed no objection to the Magistrate Judge's recommendation that the motion to dismiss be granted (ECF No. 27). Defendants filed no response to the motion for summary judgment (ECF No. 29). Defendants filed no response to the Motions currently before the Court.

Weighing all of the foregoing, the Court determines that an award of $1,000 in statutory damages is appropriate in this case.

**B.      Attorney's Fees and Costs.**

In her Motion for Attorney's Fees and Costs, Plaintiff purports to seek an award of $13,121.00, consisting of $12,275.00 in attorneys' fees and $846.00 in costs.  (ECF No. 43 at 10.)  Costs have already been taxed by the Court.  (ECF No. 87.)  Accordingly, the Court need not address the request for costs further.  In terms of attorney's fees, Plaintiff's request is less than clear.

As noted, Plaintiff's motion (at the Conclusion) specifically asks for fees in the amount of $12,275. 00.  This figure is based on charges for time expended by two attorneys, Ryan Lee

and Douglas Baek. (ECF No. 43 at 10.) However, elsewhere in the motion, Plaintiff asks also for paralegal fees in the amount of $754.00.  (ECF 43 at 6.)  To the extent that the paralegal fees are intended to be included, the fee request is actually for $13,029.00.  Plaintiff seeks to recover fees for attorney Ryan Lee at a rate of $250.00 per hour for 25.1 hours; for attorney Douglas Baek at a rate of $250.00 per hour for 24.0 hours; and for paralegal Ricardo Teamor at a rate of $145 per hour for 5.2 hours. (ECF No. 43-1 at 7.)

At least in terms of the rates charged by the attorneys in this matter, the rates appear potentially consistent with the prevailing market rates in the relevant community.  The weight of authority establishes that the prevailing rate in Colorado is $200–$250 per hour for attorneys representing clients in FDCPA cases, depending on the attorney's experience. *Villanueva v. Account Discovery Systems, LLC,* 14–cv–00395–WYD–KLM, 2015 WL 148965 at *16 (D. Colo. Jan. 12, 2015) (citing *Hemphill v. Ace Adjustment Co., Inc.,* No. 13–cv–01214–RM–BNB, 2014 WL 4783832, at *3 (D. Colo. Sept. 25, 2014); *Gregg v. N.A.R., Inc.,* No. 13–cv–01313–PAB–BNB, 2014 WL 959412, at *1 (D. Colo. Mar. 12, 2014); *Reichers v. Delaware Asset Management, LLC,* 13–cv–02171–CMA–CBS, 2013 WL 6096136, at *4 (D. Colo. Nov. 20, 2013); *Stauffer v. NCC Bus. Servs., Inc.,* No. 13–cv–00243–PAB–KLM, 2013 WL 2444827, at *2 (D. Colo. June 5, 2013); *Peterson–Hooks v. First Integral Recovery, LLC,* No. 12–cv–01019–PAB–BNB, 2013 WL 2295449, at *7 n.10 (D. Colo. May 24, 2013)).

But that does not end the inquiry. After thoroughly reviewing the billing records, the affidavits, and the pleadings filed in this matter, the Court concludes that Plaintiff's request for fees is deficient in several respects. The deficiency varies with respect to each individual for whom fees have been sought.

The request for the fees of Mr. Lee is supported by billing records as well as by a declaration of Mr. Lee. (ECF Nos. 43-1, 43-2.) In his declaration, Mr. Lee states that the time entries bearing his name represent actual hours which he spent working on this case, that the records accurately reflect the services he performed, and that the time incurred was necessary. (ECF No. 43-2.)  But in terms of setting forth the "relevant qualifications and experience" of Mr. Lee as required by D.C.COLO.LCivR 54.3(b), both the motion and the declaration are lacking.

The motion claims that the rates charged "are commensurate with the experience and training of each employee at Krohn & Moss, Ltd." (ECF No. 43 at 7.)  But it provides no further detail or explanation. In terms of Mr. Lee specifically, it states that his experience "is detailed in his declarations and biography, attached as Exhibit 2." *Id.* However, no "biography" is attached, and the declaration falls short on detailing Mr. Lee's qualifications and experience. The declaration does note when and from where Mr. Lee obtained his juris doctor (2004, Santa Clara University), and it otherwise proceeds to list the various courts before which he is admitted to practice. The declaration is silent as to Mr. Lee's experience or expertise in either consumer law or with respect to the FDCPA specifically.  His requested $250.00 per hour rate would be reasonable for attorneys with experience litigating FDCPA cases; the District of Colorado has previously awarded $250.00 per hour to very experienced FDCPA attorneys. *See Howard v. Midland Credit Management, Inc.*, No. 11-cv-3123-PAB-BNB, 2012 WL 4359361, at *2 (D. Colo. Sept. 24, 2012) (enumerating the qualifications of an attorney awarded $250.00 per hour, which included 10 years of experience specifically litigating FDCPA cases—over 1,300 of them—and lecturing at Continuing Legal Education seminars, and participating at National

Consumer Law Center Conferences).  But the Court is unable to determine if this rate is

appropriate given Mr. Lee's experience.

In terms of Mr. Baek, the situation is worse. The motion does not reference any

qualifications or experience of Mr. Baek. Mr. Lee's declaration does not attempt to describe any

qualifications or experience for Mr. Baek.  No affidavit of Mr. Baek was submitted. And the Lee

declaration does not even attempt to state whether the Baek time entries are accurate.

The Court is aware of the fact that Mr. Baek was counsel of record in this matter until

July 2013 when he left the firm and was replaced in this matter by Mr. Lee. The Court is mindful

of the fact that Mr. Baek's lack of current association with Krohn & Moss may have created

*some* practical difficulties for Plaintiff. However, Mr. Baek's absence does not suffice to explain

the total failure to set forth any qualifications or experience for Mr. Baek. In support of its

motion for fees, Plaintiff's submitted declarations from two experienced practitioners who

vouched for the reasonableness of the fees charged in this matter. (ECF No. 43-5.) The crucial

paragraphs of each declaration are curiously identical in substance, words, and punctuation; and

each declaration contains the following statement:

> I have reviewed the biographical information pertaining to Plaintiff's *attorneys*
> who performed work in this case.

(ECF No 43-5, Declaration of Nicholas J. Bontrager at ¶16, Declaration of James D. Pacitti at ¶6,

emphasis added.) No such biographical information for Mr. Baek has been presented to this

Court, notwithstanding the fact that it seemingly was available.

Mr. Teamor's circumstances are similar to Mr. Baek's. The motion does not present any

relevant qualifications or experience for Mr. Teamor. Nor does it attempt to explain why his

facially high rate—approaching the low end of that for attorneys in the Colorado market—is

justified. No affidavit for Mr. Teamor is provided. And no attempt is made to reduce Mr.

Teamor's billings to the extent they include clerical or secretarial tasks.[1] *See Missouri v. Jenkins*

*by Agyei*, 491 U.S. 274, 288 n. 10 (1989) ("Of course, purely clerical or secretarial tasks should

not be billed at a paralegal rate ….") Finally, to the extent Plaintiff seeks to rely on the Bontrager

and Pacitti Declarations for the reasonableness of Mr. Teamor's billings, the Court discounts the

declarations as boilerplate without value. Aside from the language similarities already

referenced, each declarant purports to have reviewed the billings of the "law clerks, paralegals,

and legal assistants" when the billings themselves (ECF No. 43-1) reveal no law clerks or legal

assistants and only a single paralegal. (ECF No 43-5, Declaration of Nicholas J. Bontrager at

¶¶15, 18, Declaration of James D. Pacitti at ¶¶6, 9.)

The foregoing deficiencies could be used as a basis simply to deny the motion based on

its failure to comply with D.C.COLO.LCivR 54.3(b).  Instead, in the exercise of its discretion

and given the absence of objection by Defendants, the Court adjusts the award of fees as follows.

The award for Mr. Lee's billings is reduced to $5,020, which is based upon the low end of the

prevailing rate in Colorado ($200) in light of the absence of information as to his qualifications

and experience in the areas of consumer law and FDCPA cases. In light of the absence of

information as to Mr. Baek, his fees shall be reduced to the flat amount of $2,000 based on the

Court's review of the pleadings and docket in this matter demonstrating Mr. Baek's personal

involvement as counsel of record, as well as upon the Court's assessment of the relative

simplicity of the matters handled by him. And the request for fees for paralegal services with

respect to Mr. Teamor is denied.

---

[1] *See, e.g.,* ECF No. 43-1 entries for "File proof of service," "Mail serve 26a," and "Mail substitution of counsel"

**IV.     CONCLUSION**

Based on the foregoing, the Court finds that an award of statutory damages is warranted and that attorney's fees, adjusted as provided for above, are also recoverable in this matter. It is therefore ORDERED:

That Plaintiff's Motion for Statutory Damages (ECF No. 42) is GRANTED in the amount of $1,000.00;

That Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 43) is DENIED AS MOOT as it pertains to costs;

That Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 43) is GRANTED as stated herein in the amount of $7,020.00; and

That Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 43) is DENIED in all other respects.

DATED this 30th day of April, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge